## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**EVELYN LLANOS-TORRES,**

      **Plaintiff,**

      **v.**

**HOME DEPOT PUERTO RICO, INC, et al.,**

      **Defendants.**

              **Civil No. 18-1932 (ADC)**

## <u>OPINION AND ORDER</u>

Before the Court are defendants Trane Puerto Rico, LLC's ("TPR"), Elthon Rivera's ("Rivera"), and Home Depot Puerto Rico Inc.'s ("HDPR") motions to dismiss and/or for judgment on the pleadings at **ECF Nos. 54, 55, 56**. Plaintiff filed an omnibus response. **ECF No. 68**. TPR filed a reply. **ECF No. 71**. Plaintiff sur-replied. **ECF No. 76**.

For the following reasons, the motions to dismiss at **ECF Nos. 54** and **55** are **GRANTED**. The motion to dismiss at **ECF No. 56** is **GRANTED in PART** and **DENIED in PART**.

## I.     Background

On December 12, 2018, plaintiff commenced the instant action. **ECF No. 2**. After the filing of several responsive pleadings and dipositive motions, plaintiff moved for leave to amend the complaint. **ECF Nos. 16, 20, 21, 25, 27, 37, 45.** In her request for leave to amend the complaint, plaintiff asserted that she intended to "eliminate all the individual causes of action, except for

[Elthon Rivera's ("Rivera")], which [sic] may be liable under Section 1802 of the Puerto Rico Civil Code." *Id.* Moreover, plaintiff posited that the amended complaint would "define more precisely the roles of the remaining defendants and their responsibility under ADA." *Id.* The Court granted leave and granted defendants a subsequent term to refile any dispositive motion in light of the amended complaint. **ECF No. 52**.

Plaintiff filed her amended complaint at **ECF No. 53**. Among other changes, plaintiff dropped several parties. **ECF No. 53**. The remaining are HDPR, TPR, and Rivera. **ECF No. 53**. According to plaintiff, HDPR was plaintiff's employer, TPR is HDPR's air conditioning equipment contractor, and Rivera is HDPR's "vendor." *Id* at 3, 5.

Plaintiff began her employment relationship with HDPR in 1998 working as "vault associate and [] cashier." **ECF No. 53** at 4. At all times relevant, she was a "qualified individual with disability." *Id*. Beginning in 2015, store manager Alberto Esquilín ("Esquilín") allegedly denied some of plaintiff's requests for "reasonable accommodations" even though he was fully aware of her disability. *Id*, at 6. On November 30, 2015, plaintiff filed an "internal complaint" against Esquilín due to "derogatory" remarks concerning her appearance. *Id*.

A couple of months after the filing of the "internal complaint," HDPR "partially" granted plaintiff's accommodations. **ECF No. 53** at 7. However, HDPR did not approve the work schedule requested by plaintiff. *Id*. Unsatisfied, plaintiff sought reconsideration and submitted medical evidence in support of her request. *Id*. HDPR held a meeting to further discuss plaintiff's work schedule. At some point during the meeting, Human Resources Director, Nannette

Ramírez ("Ramírez"), made some "comments" with regards to plaintiff's requests and ultimately denied the work schedule requested by plaintiff. *Id*. Plaintiff felt "harass[ed]" by the comments. Her "mental condition" deteriorated and her work performance decreased. *Id*. Therefore, plaintiff filed a "complaint under ADA" against Esquilín at the Equal Employment and Opportunity Commission ("EEOC"). *Id*, at 8.

Faced with the EEOC charge, HDPR granted the work schedule requested by plaintiff but asked plaintiff to withdraw the EEOC charge in return. **ECF No**. **53** at 9. According to plaintiff, Ramírez, "forced" plaintiff to sign a charge withdrawal letter. *Id*. In receipt of plaintiff's withdrawal letter, the EEOC informed that they would take no further action in connection with the charge. *Id*.

On March 7, 2017, plaintiff was "disciplined" because of her "low rating metric" in connection with the "Check Out Processing" time during the months of January and February of 2017. **ECF No**. **53** at 10. Plaintiff refused to sign the warning memorandum that ensued. *Id*, at 11. On April 19, 2017, plaintiff received yet another warning memorandum in connection with her rating metric. *Id*. Plaintiff objected and challenged the reliability of the metric rating system. *Id*.[1]

---

[1] Plaintiff also alleges that she was denied her break period and was assigned to work at "cashier # 4," which had the "payer phone broken." **ECF No. 53**  The problems with the phone "impaired her ability to perform her job efficiently." *Id*.

On May 29, 2017, plaintiff was working as a "cashier." Co-defendant Rivera approached her station to "pay for certain merchandise, including 8 boxes of light bulbs." **ECF No. 53** at 12.[2] The light bulbs were priced at one cent. *Id*. Under the belief that HDPR "would not charge for merchandise priced at 1 cent, she called the supervisor, head cashier Jeannette Marín, while [she] continued" scanning the rest of Rivera's items. *Id*, at 12. Plaintiff informed Marín of the situation with the one cent items. *Id* Marín asked Rivera directly "to wait for approval." *Id*. However, Marín did not instruct plaintiff to "stop the transaction" or "hold[] [Rivera] at the cash register" in the meantime. *Id*, at 13. Thus, plaintiff "erased the one cent item[s] and continued processing the purchases for other items." *Id*. at 20. Once plaintiff scanned Rivera's items, plaintiff proceeded to scan the items of other customers in queue behind Rivera. *Id*, at 12-13. Plaintiff alleges that she acted the way she did pursuant to HDPR's costumer queue policies and the March and April 2017's disciplinary warnings related to her check-out processing. *Id*. Rivera took the light bulbs and left the store without obtaining final approval from Marín's superiors. *Id*, at 13. Due to this incident, plaintiff was accused of stealing and "fired on June 11, 2017." *Id*, at 12.

Based on these allegations, plaintiff asserts ten causes of actions in her amended complaint: (1) discrimination for failure to provide reasonable accommodation, **ECF No. 53** at 32-34; (2) Retaliation under Americans with Disability Act ("ADA") 42 U.S.C. § 12101 *et*

---

[2] According to the amended complaint, one cent items are not for sale at HDPR. **ECF No. 53** at 22. HDPR's employees are supposed to remove the one cent items from the store. *Id*. However, if a customer finds a one cent item, HDPR would customarily give the item to the customer free of charge. *Id*.

*seq.,* against HDPR's "agents, representative[s,] and employees," **ECF No. 53** at 36; (3) "Violation of right to dignity" by defendants as they "lied" and spread false information with regards to the May, 2017 incident involving Rivera, **ECF No. 53** at 36-37; (4) "Vicarious liability under ADA," **ECF No. 53** at 37-38; (5) "Failure to prevent discrimination and harassment," and "employers['] liability for not correcting retaliatory acts of the store manager," **ECF No. 53** at 38-39; (6) "Interference with right under Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA")," "result[ing] in the loss of her disability yearly benefit amounting to over 60% of her compensation until age 62," **ECF No. 53** at 39-40; (7) "Unjust dismissal under] Puerto Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a *et seq.* ("Law 80")]," **ECF No. 53** at 40-41; (8) "Disability discrimination under Puerto Rico [Law No. 44 of July 2, 1989, 1 L.P.R.A. § 501 *et seq.* ("Law 44")]," **ECF No. 53** at 41-43; (9) "Damages under Article 1802 of the Puerto Rico Civil Code." 31 L.P.R.A. § 5141 ("Article 1802"), **ECF No. 53** at 43-44; and (10) Vicarious liability under Article 1803 of the Puerto Civil Code for "Rivera's wrongdoing,"  31 L.P.R.A. § 5141 ("Article 1802"), **ECF No. 53** at 44.

Defendants filed motions to dismiss the amended complaint and for judgment on the pleadings. **ECF Nos. 54, 55, 56.** Plaintiff filed an omnibus response at **ECF No. 68,** with a minor clarification at **ECF No. 69.** TPR filed a reply and plaintiff sur-replied. **ECF No. 71, 76.** The Court will address each motion to dismiss in turn.

## II.    Legal Standard

As provided under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Additionally, "[a] motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss" for failure to state a claim upon which relief can be granted. *Pérez-Acevedo v. Ribero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [Plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal, the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *See Id.* at 555.

At the motion to dismiss stage, courts accept all well-pled factual allegations as true, and draw all reasonable inferences in plaintiff's favor. *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) ("The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."). Courts need not credit complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Applying these principles, particularly the plausibility analysis, is a

context-specific task that requires courts to use their judicial experience and common sense. *Iqbal*,

556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555-56).

"To assess the adequacy of the complaint, our circuit has instructed that the review

should be handled like this: first, isolate and ignore statements in the complaint that simply offer

legal labels and conclusions or merely rehash cause-of-action elements[,] then take

the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all

reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."

*Zenón v. Guzmán*, 924 F.3d 611, 616 (1st Cir. 2019) (internal quotation marks and citations

omitted). "Plausible, of course, means something more than merely possible, and gauging a

pleaded situation's plausibility is a 'context-specific' job that compels us 'to draw on' our

'judicial experience and common sense.'" *Schatz v. Republican State Leadership Comm.*, 669 F.3d

50, 55 (1st Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Additionally, "[a]ffirmative defenses, such as the statute of limitations, may be raised in

a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts

establishing the defense [are] clear on the face of the plaintiff's pleadings." *Trans-Spec Truck Serv.,

Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (alteration in original) (citation and internal

quotation marks omitted). That is, that "the pleader's allegations leave no doubt that an asserted

claim is time-barred." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998). "Where

the dates included in the complaint show that the limitations period has been exceeded and the

complaint fails to sketch a factual predicate that would warrant the application of either a

different statute of limitations period or equitable estoppel, dismissal is appropriate." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d at 320 (citation and internal quotation marks omitted).

**III.    Analysis**

   *A.    TPR's motion to dismiss the amended complaint*

   TPR filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and/or for judgment on the pleadings. **ECF No. 54**. TPR argues that the employment-based claims against it are baseless because plaintiff never claimed to have had an employment relationship, directly or jointly, with TPR. *Id*. Furthermore, TPR argues that even if the Court read the amended complaint to include an allegation of an employment relationship between plaintiff and TPR, any employment-based claim for relief would be precluded inasmuch as, plaintiff failed to exhaust administrative remedies as to TPR. *Id*. In support, TPR sustains that plaintiff never filed claims at the EEOC against it. *Id*.

   TPR also argues that any claim related to Rivera's acts or omissions is meritless because Rivera is not TPR's employee. *Id*. But even assuming he was, the allegations do not properly state a claim against TPR since Rivera was acting in his individual capacity at the time of the incident. *Id*. Finally, TPR posits that any tort-based action is time barred because plaintiff's charge before the EEOC did not toll the statute of limitations for such claims. *Id*.

   In her two-page response at **ECF No. 68**, plaintiff counters that the amended complaint's paragraph "100" includes allegations to the effect that TPR had a contractual relationship with HDPR. *Id* at 9. Plaintiff further argues that she is a third-party beneficiary of certain rights under

the agreement between HDPR and TPR. Thus, plaintiff avers, TPR is liable for breach of the agreement's "anti-retaliation and harassment policies." *Id* at 10. "[TPR] knew or should have known about the HDPR's discrimination and failed to undertake prompt corrective measures within its control." *Id*. "As [HDPR], [TPR] has a duty to prevent retaliation. [TPR] knew or should have known about [] Rivera's wrongdoing in relation to [plaintiff's] termination." *Id* at 15-16.

TPR replied by highlighting the fact that plaintiff's response failed to address whether her tort-based claim against TPR was time barred. **ECF No. 71** at 2. TPR also pointed out that plaintiff "trot[ed] out an altogether new theory that her claim against [TPR] is actually for breach of contract, and therefore the statute of limitations under Puerto Rico law is fifteen (15) years".[3] *Id*. But even if the Court were to consider this new cause of action, TPR argues that dismissal is warranted. *Id*. TPR sustains that even if the alleged Agreement did exist, plaintiff is not a third-party beneficiary because her response failed to demonstrate "with special clarity" that the contracting parties intended to confer any specific benefit to a non-signatory party. *Id* at 3. Moreover, "even assuming that [p]laintiff alleged sufficient facts to support the conclusion that she is somehow a beneficiary of some aspect of any agreement between [HDPR] and [TPR], nothing in her opposition explains how that relates to liability for the wrongdoing asserted in

---

[3] By doing so, TPR asserts, "[p]laintiff seeks to yet again amend her Complaint to try to salvage what is clearly a futile claim." **ECF No. 71**.

the Complaint." *Id*. According to TPR, no matter how the Court looks at it, plaintiff's complaint cannot survive Rule 12's plausibility test. *Id*.

Plaintiff filed a sur-reply oddly purporting to "set forth factual allegations sufficient to allow the Court to infer that [TPR] is directly and vicariously liable for their [sic] conduct alleged in the complaint." **ECF No. 76**. Plaintiff first posits that Rivera was TPR's "representative" and, as such, TPR is liable for Rivera's actions. Likewise, plaintiff argues that TPR is directly liable "as supplier subject to the Supplier Reference Guide." *Id* at 2.  Rivera and TPR, according to plaintiff, have a contractual obligation [under "HDPR's business Code of Conduct and Ethic"] to prevent retaliation, discrimination and harassment." Under that premise, plaintiff argues that TPR breached contractual obligations. Accordingly, TPR should be accountable for Rivera's actions and directly liable for violating HDPR's policies. In support of the latter, plaintiff sustains that the Court should consider that (i) HDPR has no one cent item policy in place, (ii) HDPR's manager lied about the reasons for plaintiff's termination, (iii) plaintiff's termination was without just cause, (iv) plaintiff was the only party reprimanded even though HDPR blamed both plaintiff and Rivera for stealing the one cent items. *Id* at 6.

*(i)     Tort claims against TPR*

The Court will start by analyzing plaintiff's tort claims as they pertain to TPR. Notably, even though TPR specifically argued that plaintiff's tort claims were time barred, plaintiff did not proffer any argument to show otherwise. *See* **ECF Nos. 68, 76**.

"In Puerto Rico, the statute of limitations is a substantive and not a procedural matter." *Alejandro–Ortiz v. P.R. Elec. Power Auth.,* 756 F.3d 23, 27 (1st Cir. 2014). The statute begins to run from the time the aggrieved party has actual knowledge of the injury and its origin or with due diligence would have sufficient information to permit suit. *Villarini–García v. Hosp. del Maestro, Inc.,* 8 F.3d 81, 84 (1st Cir. 1993). The statute of limitation may be tolled via extrajudicial claim against the tortfeasor. P.R. Laws Ann. Tit. 31 § 5303. The extrajudicial claim needs to be made by the holder of the substantive right or her attorney, addressed to the debtor, and must demand the relief ultimately sought in the subsequent suit. *Morán–Vega v. Cruz–Burgos,* 537 F.3d 14, 21 (1st Cir. 2008). In *Santana-Castro v. Toledo-Dávila,* 579 F.3d 109, 114 (1st Cir. 2009) the First Circuit explained:

> The Puerto Rico Supreme Court has limited the tolling effect of an extrajudicial letter to situations where the letter is 'identical' to a subsequently filed complaint. *Id.* (citing *Cintrón v. Estado Libre Asociado de P.R.,* 27 P.R. Offic. Trans. 582, 1990 WL 658719 (1990)). This identicality requirement has three components. First, the extrajudicial letter and subsequent complaint "must seek the same form of relief." *Id.* at 98. Second, "[t]he causes of action asserted [in the complaint] must be based on the same substantive claims" as asserted in the extrajudicial letter. *Id.* Lastly, "provided that other Puerto Rico tolling statutes do not rescue the claims on other grounds, they must be asserted against the same defendants in the same capacities; new defendants should not be added." *Id.*

Here, plaintiff did not address the timeliness issue. **ECF Nos. 53, 68, 76**. Plaintiff simply relied on a general legal conclusion to the effect that TPR is "vicariously" liable under Article

1803 of the Puerto Rico Civil Code for Rivera's conduct. **ECF No. 76** at 2.[4] However, nothing in the record suggests that plaintiff made a claim to toll the one-year limitation applicable in this case. Plaintiff's conclusory allegation claiming the toll of her tort actions' statute of limitation by filing charges with EEOC is irrelevant because none of the EEOC charges were filed against or included TPR. **ECF No. 53** at 19. Even if she had, the EEOC charge did not constitute an extrajudicial claim capable of tolling the tort-based claims under Puerto Rico law. *See Martínez Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69 (1st Cir. 2016); *Huertas-Gonzlez v. U. of Puerto Rico*, 520 F.Supp.2d 304, 314 (D.P.R. 2007); *Sifre v. Department of Health,* 38 F.Supp.2d 91, 96 (D.P.R.1999); *León-Nogueras v. U. of Puerto Rico,* 964 F. Supp. 585, 588 (D.P.R. 1997)("the Supreme Court of the Commonwealth of Puerto Rico has held that the filing of an administrative charge will not toll the running of the statute of limitations for a tort action, even if the tort arises from the same event which gave rise to the administrative complaint, because the administrative agency had no jurisdiction over tort claims"). Plaintiff's silence in her response and sur-reply concedes this point.

Under First Circuit law, "[w]here the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d at 320. Considering that plaintiff was fired on June 11, 2017 and that the complaint was filed on

---

[4] As discussed below, plaintiff did not file charges against TPR before the EEOC.

December 12, 2018, plaintiff's tort-based claims against TPR, direct or vicarious, are time barred and thus DISMISSED with prejudice.

>        (ii)     *Employment claims against TPR*

The Court next turns to plaintiff's employment claims against TPR. There is no question as to the fact that TPR was not plaintiff's direct employer. Plaintiff's employment-related claims against TPR all rely on plaintiff's ill-conceived "joint employers" theory. To wit, plaintiff asserts that HDPR and TPR are joint employers of Rivera. **ECF No. 53** at 15. Therefore, plaintiff argues that TPR should be considered a "contract firm" or "staffing firm" under the "definition of employer under ADA and EEOC's regulation" "liable for HDPR's discriminatory practice involving [Rivera]." **ECF No. 53** at 15. Moreover, because of TPR's "joint employer" status, plaintiff claims that TPR is "liable either as a joint employer of HDPR [or] as a third-party interferer" under ADA. *Id*, at 16. Likewise, plaintiff holds TPR accountable because TPR "knew or should have known… that the other employer acted discriminatory and without a valid reason to terminate" her. *Id.*

Contrary to plaintiff's baseless assertions, Title I of the ADA and Title VII "[b]oth… **direct their prohibitions to employers**, and the ADA's definition of employer mirrors Title VII's." *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 51 (1st Cir. 2011) (internal quotation marks omitted, and emphasis added). An employer is "a person engaged in an industry affecting commerce who has fifteen or more employees … and any agent of such … person." 42 U.S.C. § 12111(5)(A). On the other hand, "[a] joint employer relationship exists where two or

more employers exert significant control over the same employees and share or co-determine those matters governing essential terms and conditions of employment." *Rivera–Vega v. ConAgra, Inc.,* 70 F.3d 153, 163 (1st Cir. 1995) (quoting *Holyoke Visiting Nurses Ass'n v. NLRB,* 11 F.3d 302, 306 (1st Cir. 1993)).

Here, however, plaintiff does not assert that TPR was her employer under the joint employer test, or any other test for that matter. Plaintiff allegations all stand for the proposition that TPR is Rivera's employer, jointly with HDPR. *See* **ECF No. 53** at 15. In other words, plaintiff has never claimed that TPR was her employer. Thus, the Court finds that the amended complaint fails to state facts sufficient to establish a plausible claim against TPR for relief under ADA or Title VII. *Twombly*, at 570. Both statutes direct their prohibitions to the employer, not to the employer of a third party, such as Rivera. *See Román-Oliveras v. Puerto Rico Elec. Power Auth.,* 655 F.3d at 51. Therefore, plaintiff's employment claims cannot be asserted against TPR, and are hereby DISMISSED with prejudice, because TPR was neither plaintiff's direct nor "joint" employer.

Nonetheless, even if the Court construed plaintiff's allegations to assert that TPR was her "joint employer," plaintiff's employment-based claims against TPR should be dismissed. "To prevail under a theory of joint employer liability, **plaintiff must show that defendant knew or should have known of the discriminatory conduct and failed to take prompt corrective measures within its control.**" *Medina v. Adecco*, 561 F.Supp.2d 162, 178 (D.P.R. 2008) (emphasis

added). Plaintiff's conclusory allegations asserting that TPR knew or should have known of HDPR's conduct are disregarded under Fed. R. Civ. P. 12(b)(6).

Even if the allegations were enough under the well-pled standard, they are contradicted by plaintiff's own narrative. *See* **ECF No. 53** at 6. According to the amended complaint, the unlawful and discriminatory conduct against plaintiff began years before the day Rivera left the store with the penny items, which allegedly triggered her termination. According to plaintiff, HDPR's managers and other officials made decisions that interfered with her rights under ADA years before her termination. **ECF No. 53** at 6-11. Moreover, the derogatory remarks about her appearance, her demotion to a lower position, and the unlawful admonishments were all ascribed to HDPR, not TPR. *Id*. Nothing in the amended complaint indicates that TPR or Rivera had any role, participation or even knowledge of the incidents and HDPR's alleged discriminatory conduct. Thus, there are no factual allegations suggesting that TPR or Rivera had knowledge of HDPR's alleged "failure to provide reasonable accommodation," **ECF No. 53** at 6, "retaliation," *Id* at 8, "EEOC charges," *Id* at 8, and "retaliatory harassment." *Id* at 9.

There is not a single well-pled allegation that would allow the Court to draw an inference pointing to the fact that TPR and Rivera had knowledge of HDPR's discriminatory conduct against plaintiff. Moreover, the amended complaint fails to submit that TPR knew who plaintiff was or that she was a "disabled individual within the meaning of ADA." **ECF No. 53** at 3. Thus, after isolating and ignoring plaintiff's legal labels and conclusions and then taking the complaint's well-pled facts as true, drawing all reasonable inferences in the pleader's favor,

the Court finds that they do not plausibly narrate a claim for the employment relief sought in the amended complaint. *See Zenón v. Guzmán*, 924 F.3d at 616.

The only allegations implicating TPR as a co-conspirator of HDPR's conduct are those concerning the May 29, 2017 incident with Rivera. Plaintiff's poorly formulated theory seems to be that TPR is liable for not imposing any "sanction[s] [against] [] Rivera, considering that they knew or should have known about [] Rivera's involvement with the decision to terminate" plaintiff. **ECF No. 53** at 15-16. However, plaintiff does not purport any facts to support her contention that TPR "knew or should have known." Other than plaintiff's legal labels as to TPR's knowledge, there are no factual allegations that would tilt the scale in favor of plausibility.

Moreover, plaintiff's employment related claims are also barred for failure to exhaust administrative remedies. TPR openly argued that although plaintiff "filed charges of discrimination against her employer, HDPR, in 2016, 2017, and 2018... Plaintiff does not allege that she filed a charge of discrimination against [TPR], and indeed she did not." **ECF No. 54** at 6. Once again, plaintiff did not oppose, therefore conceding this point. **ECF Nos. 68**, **76**. It is settled that "a claimant who seeks to recover for an asserted violation of Title I of the ADA, like one who seeks to recover for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits." *Bonilla v. Muebles J.J. Álvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999). Here, plaintiff failed to allege that she exhausted administrative remedies in connection with TPR before filing the instant suit. Thus, plaintiff's employment claims should

also be dismissed under this alternative ground. Because of plaintiff's failure to exhaust administrative remedies, the amended complaint's characterization of TPR as a "contract firm" or "staffing firm" under ADA is immaterial.

> (iii)   *Contractual claims against TPR*

Via response to TPR's motion to dismiss, plaintiff argued that TPR is not only liable for tort and employment-related claims but also for contractual claims under an "agreement requiring adherence of the [HDPR] anti-retaliation and harassment policies" and for violations of the "[d]ignity clause under the [a]greement." **ECF No. 68** at 10.[5] According to plaintiff's sur-reply, the only purported conduct in violation of the "agreements" is TPR's failure to "prevent[] the unlawful termination." **ECF No. 76** at 3.[6] In other words, plaintiff argues that TPR breached its contractual obligations by not stopping HDPR from firing plaintiff. *Id;* **ECF No. 53** at 16.

Despite plaintiff's allocution in opposition to TPR's dispositive motions, the truth of the matter is that the amended complaint is devoid of any contractual claims against TPR. The only two allegations resembling a contractual claim against TPR, as identified by the Court are: the following: "Rivera is a contingent worker within the employment relationship contracted between HDPR and [TPR];" "[TPR] has acquiesced in the unlawful action by failing to protest it or to exercise any contractual right it might possess to resist it." **ECF No. 53** at 15-16. These vague

---

[5] However, plaintiff did not assert any specific contractual cause of action against TPR.
[6] In plaintiff's words, TPR "violated the Zero Tolerance for Retaliation Policy by not preventing [plaintiff]'s unjustified and retaliatory termination by [sic] Esquilín." **ECF No. 76** at 3. "[] Rivera, rather to prevent [sic] [plaintiff]'s termination by Esquilín, decided not to do so[.]". *Id.*

and unclear assertions fail to identify the parties, the date of execution, and the contract's terms and conditions. But more importantly, the amended complaint is completely silent as to any agreement, stipulation or concession executed by TPR in benefit of plaintiff as a third party. **ECF No. 53**. Because "plaintiff[] here ha[s] not nudged [her] claims across the line from conceivable to plausible" plaintiff's argument in opposition to TPR's motion to dismiss is unavailing. *Twombly*, 550 U.S. at 570.

### B.      Rivera's motion to dismiss the amended complaint

The only claim asserted against Rivera in plaintiff's amended complaint is "for the damages suffered… under Article 1802 of the Puerto Rico Civil Code." **ECF No. 53** at 25. Rivera filed a motion to dismiss arguing that plaintiff's tort claim is time barred. **ECF No. 55**. In her response at **ECF No. 68**, plaintiff did not address the timeliness of her tort claim. Furthermore, plaintiff's response seems to concede that point as plaintiff focused all her efforts to argue that "contractual claims" are not time barred. **ECF No. 63**.

As discussed above, "[w]here the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d at 320. Here, plaintiff claims that she was fired on June 11, 2017. However, she waited until December 12, 2018, to file the instant action. More than a year elapsed from the time she was fired and the time of filing of the complaint. Moreover, plaintiff proffered no tolling argument whatsoever.

Therefore, plaintiff's tort-based claims against Rivera is time barred and DISMISSED with prejudice.

Notably, plaintiff's response at **ECF No. 68** purported a contractual claim against Rivera. However, as it was noted before, the amended complaint does not support a claim for breach of contract or damages resulting therefrom against Rivera (or TPR, as discussed above). Recognizing the amended complaint's lack of contractual claims, plaintiff asserted that "it may be necessary to supplement the facts raised in the [a]mended [c]omplaint, to incorporate additional facts and allegation[s] regarding Rivera's breach of contract." **ECF No. 68** at 4.[7] Thus, as plaintiff conceded, the amended complaint did no include contractual claims against Rivera. Therefore, plaintiff's argument in opposition to dismissal claiming that Rivera might also be liable for breach of contract is unconvincing.

### C.      *HDPR's motion to dismiss*

HDPR filed a motion to dismiss arguing that the amended complaint should be dismissed for lack of subject mater jurisdiction and for failure to state a claim. **ECF No. 56** at 2. It claims the first cause of action, relating to the employer's failure to provide reasonable accommodation under ADA, should be dismissed because plaintiff failed to exhaust administrative remedies. In

---

[7] In her response at **ECF No. 68,** plaintiff makes no effort at showing good cause as to the tardiness of the purported contractual claims. Furthermore, the Courts notes that the alleged contractual claims stem from documents that were in plaintiff's possession since the commencement of the instant action. Mindful of the fact that plaintiff sought leave to amend the complaint in order to avoid a potential negative outcome at an earlier stage. the costs incurred by defendants in filing the responsive pleadings and dispositive motions, the Court hereby forewarns plaintiff that the Court will consider the imposition of sanctions under both 28 U.S.C. § 1927 and Fed. R. Civ. P. 11 should it pursue frivolous or vexatious claims multiplying the litigation, by filing completely new claims that are not the result of newly discovered evidence, extraordinary circumstances or any other ground permitted by law.

support, HDPR contends that the June 16, 2017 charge makes no reference or mention of HDPR's

failure to provide accommodation but rather relates to retaliatory termination. Moreover, HDPR

contends that the May 2, 2016 charge was discharged by the EEOC on June 15, 2016 and, even if

that was not the case, plaintiff failed to file an accommodation-related charge within the 300-

day limit, that is, on or before April 2017. *Id* at 5-6. HDPR asserts that it was not aware of the

"amended charge" allegedly filed by plaintiff on June 8, 2018. But even it was filed, it was

untimely (*i.e.* 362 days after her termination) as the alleged unlawful conduct took place on or

before her termination on June 11, 2017. *Id* at 8.

As to the second cause of action, retaliation under ADA, HDPR argues that the amended

complaint fails to include any factual allegation of retaliatory conduct. **ECF No. 56** at 8-9. But

even it did, more than a year had elapsed from the time plaintiff filed her May 2, 2016 charge

and the alleged retaliatory action (i.e. plaintiff's employment termination on June 11, 2017). For

those reasons, HDPR posits, the Court cannot properly draw an inference of causation under

the so-called "temporal proximity" factor. *Id* at 9.

HDPR also argues that plaintiff's tort-based claims (described by plaintiff as "violation

of constitutional right to dignity under Puerto Rico Constitution") are time-barred as the

applicable one-year statute of limitation was not tolled. **ECF No. 56** at 10. Even if they were

timely, HDPR challenges the legal soundness of the cause of action as formulated by plaintiff

under the Constitution of Puerto Rico without setting forth any provision under the local

Constitution that recognizes such remedy. *Id*.

Without accepting that Rivera was HDPR's employee, it contends that plaintiff failed to state that Rivera was a manager or supervisor for which HDPR would be vicariously liable. **ECF No. 56** at 11. Alternatively, HDPR posits that plaintiff failed to exhaust administrative remedies because plaintiff did not file with the EEOC or any other agency charges related to Rivera's behavior of harassment. *Id*. With respect to plaintiff's supervisor, Alberto Esquilín, HDPR argues that the charge filed with the EEOC was limited to HDPR's alleged retaliation conduct. *Id* at 12.

HDPR argues that plaintiff's claims related to its "failure to prevent discrimination and harassment by not correcting  retaliatory acts of the store manager" is nothing more that a claim under Article 1803 of the Puerto Rico Civil Code, which creates tortious vicarious liability. **ECF No. 56** at 12-13. This claim, HDPR argues, is time-barred. On the other hand, if plaintiff's claims included in the fifth cause of action related to violations under ADA, defendant holds that they should be dismissed for failure to exhaust administrative remedies. *Id* at 13. "No charge of hostile work environment or any other type of discrimination was presented by [p]laintiff, and therefore, should be dismissed for failure to exhaust administrative remedies." *Id*.

As to plaintiff's claim for interference with her ERISA benefits, HDPR underscores the amended complaint's lack of well-pled allegations and sustains that termination alone is not enough to bring a cause of action for violations under ERISA. **ECF No. 56** at 15-16. According to HDPR, "[p]laintiff has also failed to state a cause of action under ERISA for the mere fact that

Plaintiff's 'alleged loss of benefits,' if true, was a mere consequence, as opposed to a motivating factor, behind employee's termination." *Id* at 17.

As to plaintiff's claim for unjust dismissal under Puerto Rico Act 80, HDPR requests that this Court denies supplemental jurisdiction. **ECF No. 56** at 17.

HDPR further requests that the Court dismiss the Puerto Rico Act 44 claims as it does not recognize retaliation as an actionable cause under its provisions. Alternatively, HDPR seeks dismissal as the one-year statute of limitation applicable under Act 44 elapsed. **ECF No. 56** at 18-20.

Plaintiff's ninth cause of action pertains to damages due to HDPR's libelous conduct in reporting false information about her. HDPR asks the Court to dismiss this claim because it is time-barred. **ECF No. 56** at 20-21. In support, HDPR argues that the charge filed with the EEOC did not toll the statute of limitations. *Id*.

Finally, "[p]laintiff brings forth a last cause of action under Article 1803 of Puerto Rico Civil Code. A reading of the relevant allegations within the Amended Complaint... do not make any reference to [HDPR]. This Cause of Action is apparently addressed only to co-defendant [TPR], and therefore, should be dismissed as to HDPR." **ECF No. 56** at 22.

Plaintiff filed a response. **ECF No. 68** at 10-14. She argues that the amended complaint asserts claims that survive the plausibility test. It is asserted within the amended complaint, that plaintiff filed a charge for HDPR's failure to provide reasonable accommodation before the EEOC on May 2, 2016 and a charge for retaliatory termination on June 16, 2017 following the

events that lead to her employment termination. **ECF No 53** at 2. Moreover, according to the amended complaint, the charge was "amended on June 8, 2018." *Id*. The "amended charge" was "intended to connect HDPR's prior ADA violations against [plaintiff], (as raised in prior charges) filed with the EEOC." **ECF No. 68** at 11. Moreover, plaintiff argues that the amended charge sets forth Esquilin's "retaliatory animus prior and during [her] termination," that is "as part of the ongoing retaliation… as disabled employee." *Id*. Plaintiff also claims to have "raised prior violations by Alberto Esquilín… Such violations include failure to provide reasonable accommodation, harassment, and involuntary demotion," during the EEOC investigation. *Id*. According to plaintiff, the "amended charge" includes claims of continued violations including "interference with [p]laintiff's disability benefits" and evinces that "loss of benefits was a motivating factor." *Id* at 12. Thus, plaintiff argues that she has a plausible claim under ERISA. *Id* at 14. Finally, plaintiff contends supplemental jurisdiction is proper in this case. *Id*.

HDPR did not move for leave to reply.

### (i)    Tort claims against HDPR

As discussed elsewhere in this Order, HDPR's alleged unlawful conduct took place on or before June 11, 2017 when it "fired" plaintiff. Setting the clock to run from that moment, the one-year statute of limitation for action under both Articles 1802 and 1803 of the Puerto Rico Civil Code, elapsed on June 2018. However, plaintiff filed its complaint roughly 5 months later, on December 12, 2018. Plaintiff did not oppose the arguments raised by all three defendants regarding all tort claims being time barred. Furthermore, as discussed before, the amended

charges filed against HDPR before the EEOC do not toll the statute of limitation for plaintiff's tort claims. *See León-Nogueras v. U.P.R.*, 964 F.Supp. at 588 (citations omitted); *Martínez Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69 (1st Cir. 2016). Considering plaintiff's silence on this issue, the Court hereby DISMISSES with prejudice all tort-based claims filed against HDPR, including claims related to negligence, "dignity," libel, vicarious liability, or any other claim falling within the scope of Articles 1802 and 1803 of the Puerto Rico Civil Code.

*(ii) Employment claims against HDPR*

*(a) Failure to provide reasonable accommodation and demotion*

HDPR argues that plaintiff's claims for failure to provide reasonable accommodation should be dismissed due to plaintiff's failure to exhaust administrative remedies. HDPR draws its conclusion from a simple premise: "nowhere [in the June 16, 2017 EEOC charge]… does plaintiff include any claim that she had requested reasonable accommodation or that she had been demoted in response to her disability." **ECF No. 56.** Under that premise, HDPR argues that even if it were true that plaintiff filed an amended charge on June 8, 2018 to include a claim related to HDPR's failure to provide reasonable accommodation or other acts of discrimination based on her disability, those charges would be untimely and, thus, time barred. HDPR's calculation runs from plaintiff's termination on June 11, 2017, which puts her June 8, 2018's amended charge outside the 300-day time limit.

At this point in time, the Court cannot make a ruling as to whether or not plaintiff exhausted administrative remedies with respect to plaintiff's discrimination claims for HDPR's

alleged failure to provide reasonable accommodation or her demotion based on disability. "[I]n employment discrimination cases, [t]he scope of the civil complaint is .... limited by the charge filed with the EEOC **and the investigation which can reasonably be expected to grow out of that charge**." *Mercado Cordova v. Walmart Puerto Rico, Inc.,* 369 F.Supp.3d 336, 349 (D.P.R. 2019)(emphasis added) (citing *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996)).

The Courts finds that a factual dispute exists as to the presentment of these claims and that the well pled allegations nudge plaintiff's claims to the realm of plausibility.[8] First of all, according to the amended complaint, plaintiff filed a charge on June16, 2017 before the EEOC for retaliation and for being "disciplined." **ECF No. 53** at 2; **56-1**. Plaintiff then submitted an amended charge on June 8, 2018. *Id*. In her response, plaintiff asserted that the amended charge introduced Esquilín's prior violations including "failure to provide reasonable accommodation, harassment, involuntary demotion to cashier… disciplined and terminated without just cause." **ECF No. 68** at 11. Finally, the EEOC issued a right to sue letter on November 6, 2018.

HDPR conceded it "can only speculate" as to the existence and content of the amended charge. At this juncture, drawing all reasonable inferences in plaintiff's favor, the Court cannot conclude that plaintiff failed to exhaust administrative remedies as to HDPR's alleged discriminatory conduct or that the well pled allegations construed in the light most favorable to plaintiff, fail to state a claim for relief under the plausibility test. Likewise, the Court is not able

---

[8] Presentment is a judicially created doctrine to promote conciliation and to provide prompt notice of the claim to the employer and the EEOC. *Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 31 (1st Cir. 2009).

to determine whether or not these alleged actions fell within the scope of the EEOC's

investigation which ultimately lead to the issuance of the right to sue letter of.

### (b) Retaliation

HDPR also seeks dismissal of plaintiff's retaliation claim. **ECF No. 56.** HDPR's sole

argument hinges on the contention that more than a year elapsed from the filing of the May 2,

2016 charge and her termination on June 11, 2017. **ECF No. 56** at 8-10. HDPR points to case law

establishing that a year is not a "very close temporal proximity" scenario for a plaintiff to rely

on to give rise to an inference of causation for retaliation. However, "'temporal proximity' is

merely one factor relevant to causation and usually only later in the proceedings, for example

at summary judgment." *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 25 (1st Cir. 2014).

Thus, the Courts finds that HDPR's argument to dismiss plaintiff's retaliation claim is not ripe.

### (c) Vicarious liability under ADA and for failure to prevent harassment

HDPR also seeks dismissal of the amended complaint's fourth and fifth causes of action

under which, essentially, plaintiff holds HDPR accountable for Esquilín's conduct. Specifically,

HDPR asserts that the EEOC charge fails to state any conduct amounting to harassment over

which HDPR could be held vicariously accountable. **ECF No. 56 at 12-13**. Thus, HDPR seeks

dismissal for failure to exhaust administrative remedies.

However, the June 16, 2018 charge does in fact include statements alluding to Esquilín's

conduct, including conduct whereby Esquilín "disciplined" plaintiff. **ECF No. 56-1**.

Furthermore, the charge indicates that the discriminatory conduct encompassed in the charge

spanned from May 29, 2017 through June 11, 2017. Additionally, plaintiff amended her charge to include a bundle of actions allegedly taken by Esquilín and others managerial staff against her. *Id*. Since the scope of the lawsuit is not limited to the text of the charge, but also includes conduct discoverable through the EEOC's "investigation[,] which can reasonably be expected to grow out of that charge" *Mercado Cordova v. Walmart Puerto Rico, Inc.*, 369 F.Supp.3d at 349, dismissal grounded on failure to exhaust administrative remedies is not proper at this stage. Although not entirely organized, plaintiff's claims "rise above the speculative level" at this juncture.

*(d) ERISA*

HDPR posits that the amended complaint lacks well-pled allegations to bring a plausible claim for violations under ERISA. **ECF No. 56** at 15-16. Even if plaintiff did in fact lose benefits, HDPR argues, it was only a consequence of her termination as opposed to a motivating factor. *Id*. "Just being fired does not create a cause of action." *Id,* at 16.

In pages 30-32 and 39-40 of the amended complaint, plaintiff sets out a claim for loss of benefits and termination motivated by the intention to interfere with plaintiff's ERISA rights. Specifically, plaintiff claims damages due to HDPR's decision to terminate her employment "with the intention to interfere with [plaintiff]'s attainment of disability benefits under the Home Depot's disability plan, which is an employee benefit plan within the meaning of Section 510 of ERISA." **ECF No. 53** at 31. In addition, plaintiff claims that she had "30 days from the date she became disabled to file for her benefits. However, due to the lack of access to the plan rules

document, she was not aware of the time limit to file for such benefit under the claim procedure provided under the Plan." *Id* at 40. Finally, in her opposition, plaintiff asserts that the amended charge "included an allegation that HD[PR] was interfering with her ERISA benefits". **ECF No. 68** at 13.

Whether or not plaintiff's alleged loss of benefits was only a consequence of her termination as opposed to a motivating factor, is an issue not properly before the Court at this moment. Here, too, taking the well pled allegations as true, plaintiff claims under ERISA are facially plausible. Accordingly, HDPR arguments for dismissal are unavailing at this stage.

*(e) State law employment claims*

HDPR prays for the Court to decline supplemental jurisdiction over plaintiff's claim filed under Puerto Rico Act 80 since "there are no federal law claims actionable in this case." **ECF No. 56** at 17. HDPR's request is premised on the dismissal of all claims rooted in federal law. However, as discussed above, the Court herein denies HDPR's motion for dismissal as to the federal employment-based claims asserted in the amended complaint. Thus, declining to exercise supplemental jurisdiction over the state law claims, is not proper at this point in time.

Finally, HDPR seeks dismissal of plaintiff's Puerto Rico Act 44 claims under the same premise, to wit, the June 16, 2017 charge only stated a claim for retaliation. Considering that "Law 44 lacks a retaliation component[,]" HDPR contends the June 16, 2017 charge could not have encompassed a claim under Law 44. However, for the same reasons discussed before, this argument is also premature. Namely, plaintiff's June 16, 2017 included a statement suggesting

she was "disciplined" before she was fired. Moreover, on June 8, 2018, plaintiff moved for amended charge at the EEOC, the existence of which HDPR was unaware up until plaintiff filed her opposition to HDPR first dispositive motion. Since the scope of the complaint is not limited to the exact content of the June 16, 2018 charge but also extends to conduct arising from the EEOC's investigation, HDPR's arguments hinge on factual uncertainty. Construing the amended complaint's well pled allegation in the light most favorable to plaintiff, the Court cannot rule out the plausibility of relief at this stage.

Pursuant to the discussion above, the Court holds that there are genuine issues of fact that warrant discovery and, as such, preclude granting defendant's motion to dismiss for plaintiff's alleged failure to exhaust administrative remedies. Dismissal under Fed. R. Civ. P. 12(b)(6) based on an affirmative defense is warranted only when the defense is clearly ascertainable from the complaint and any documents incorporated therein, which is not the case in the matter at hand. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d at 320. Here, even though the June 16, 2017 charge's narrative heavily rely on "retaliation," the following main factual issues, among the other discussed above, remain:

(i)      What conduct other than "retaliation," if any, was part of the investigation carried out by the EEOC.

(ii)     What was the scope of the June 8, 2018 amended charge.

IV.    **Conclusion**

Considering the above, the Court rules as follows:

a) TPR's motion to dismiss at **ECF No. 54** is **GRANTED**.

b) Rivera's motion to dismiss at **ECF No. 55** is **GRANTED**.

The Clerk of Court is to enter judgment dismissing **with prejudice** all claims against TPR and Rivera.

HDPR's motion to dismiss at **ECF No. 56** is **GRANTED IN PART** and **DENIED IN PART**. All claims under and related to Articles 1802 and 1803 of the Puerto Rico Civil Code in the amended complaint against HDPR are dismissed with prejudice.

The Clerk of Court shall enter Partial Judgment dismissing **with prejudice** the amended complaint's claims under Articles 1802 and 1803 of the Puerto Rico Civil Code against HDPR.

Should discovery establish that plaintiff failed to exhaust administrative remedies for the remaining employment claims, HDPR may opportunely move for summary judgment in that respect pursuant to Fed. R. Civ. P. 56. Likewise, should discovery reveal any other grounds for a dispositive motion, HDPR will be allowed to move accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24thday of November, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**